**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JORGE ANIBAL TORRES, JR.,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:14-1063** |
| : | |
| v.  : | |
| : | **(MANNION, D.J.)** |
| : | **(MEHALCHICK, M.J.)** |
| **MONROE COUNTY CHILDREN** : | |
| **and YOUTH SERVICES,** *et al.*, | |
| : | |
| **Defendants** | |
| : | |

# M E M O R A N D U M

Before the court is the report and recommendation of Judge Mehalchick, (Doc. 9), recommending that plaintiff's amended complaint, (Doc. 5), be dismissed without prejudice under Fed.R.Civ.P. 4(m) for failure to timely effect service upon defendants. No objections to the report and recommendation have been filed. For the following reasons, the report and recommendation is **ADOPTED IN FULL** and plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**I.   BACKGROUND**[1]

On June 3, 2014, plaintiff Jorge Anibal Torres, Jr., formerly a citizen of Pennsylvania, and currently a resident of Florida, brought this civil rights

---

[1]Background facts are taken from plaintiff's amended complaint. (Doc. 5).

action, pro se, against defendants Monroe County Children and Youth Services, 3 unknown Stroudsburg police officers, Monroe Police Department, Cynthia Ramirez and 2 unknown Monroe County employees. He alleges that in August 2012 New York Family Court Judges granted him legal custody over his four minor children. Then in June 2014, when he resided in Stroudsburg, Pennsylvania, he alleges that defendants entered his home without a warrant and illegally seized his children claiming that he was not the father of the children and that he may have kidnaped them. Plaintiff seeks injunctive relief and money damages for the alleged violations of his constitutional rights.

On July 10, 2014, plaintiff filed an amended complaint, (Doc. 5), and the summons was issued as to all defendants and provided to plaintiff for service, Doc. 7.

Plaintiff failed to serve defendants with his amended complaint and the summons within 120 days as required under Rule 4(m). Judge Mehalchick issued a show cause order on December 3, 2014, stating that no proof of service or signed waiver of service was filed by plaintiff with respect to any defendants and directing plaintiff to show cause within 21 days why his case should not be dismissed under Rule 4(m). (Doc. 8). The order was mailed to plaintiff at his new address in Ocala, Florida.

After plaintiff failed to timely respond to the show cause order, Judge Mehalchick issued a report and recommendation of March 23, 2015, (Doc. 9), recommending that his case be dismissed without prejudice for failing to

2

accomplish service within the 120-day period.

**II.    STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**III.     DISCUSSION**

As Judge Mehalchick's report explains, plaintiff's action should be dismissed under Rule 4(m) due to his failure to serve defendants with the summons and his amended complaint within the required time period. None of the defendants have been properly served and there is no indication that any of them are aware of the claims that plaintiff has raised against them. The 120-day period permitted by Rule 4(m) has expired in this action with respect to all of the defendants.

The Third Circuit Court in *Mathies v. Silver*, 450 Fed.Appx. 219, 221-22 (3d Cir. 2011) stated:

> A plaintiff to a civil action in federal court must complete service of his complaint within 120 days of filing or within a period prescribed by the District Court. *See* Fed.R.Civ.P. 4(m). If the plaintiff fails to complete service within the specified time, Rule 4(m) requires the District Court to determine whether the plaintiff has shown good cause for the failure. *See Boley v. Kaymark,* 123 F.3d 756, 758 (3d Cir. 1997). If so, the District Court must grant an extension to effect service; if not, the District Court may either dismiss the complaint or grant a discretionary extension. *See id.*

It is now 10 months since plaintiff filed this case. The plaintiff was provided an opportunity to show good cause for his continued failure to effect service upon defendants and he failed to do so. Additionally, the plaintiff has needlessly caused the delay of this case from proceeding forward. Nor has the plaintiff moved for an enlargement of time to serve defendants. As such, a dismissal order is appropriate in a case like this one when the court is

confronted by a litigant who refuses to timely serve his pleading. *See* Tillio v. Mendelsohn, 265 Fed.Appx. 509 (3d Cir. 2007).

## IV.   CONCLUSION

For the foregoing reasons, the report and recommendation of Judge Mehalchick, (Doc. 9), is **ADOPTED IN FULL** and plaintiff's amended complaint, (Doc. 5), is **DISMISSED WITHOUT PREJUDICE**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 23, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1063-01.wpd